UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANUARY NICOLE VILLAREAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 22-cv-09152-VKD<br><br>**ORDER RE DECEMBER 8, 2023 DISCOVERY DISPUTE RE ACCESS TO PLAINTIFF'S CONFIDENTIAL MEDICAL RECORDS**<br><br>Re: Dkt. No. 38 |

The parties ask the Court to resolve their dispute concerning whether a single page from plaintiffs' medical records is properly designated "Confidential-Attorneys' Eyes Only" under the stipulated protective order (Dkt. No. 33), or whether it should be de-designated so that defendants may disclose the single page to defendant Dominguez's criminal defense attorney for possible use in a separate criminal case against him. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

In this action, plaintiff January Villareal alleges that defendant Dominguez physically and sexually assaulted her following her arrest on December 16, 2021 on suspicion of driving under the influence of alcohol. *See* Dkt. No. 1 ¶¶ 16-27. Ms. Villareal agreed to produce her medical records to defendants in discovery, subject to a protective order. *See* Dkt. No. 32. Pursuant to the parties' stipulation, the Court entered an order that provides in relevant part that "[plaintiff's] medical records shall all be marked as [C]onfidential[-]Attorneys' Eyes Only, shall only be used for purposes of this action, and shall only be viewable by counsel of record in this Action and any experts retained by any party to this action." Dkt. No. 33 at 2. The parties' dispute concerns one page (labeled CSJ1848) that describes a phone call Ms. Villareal placed to an advice nurse at

Kaiser Permanente on December 17, 2021, and which refers to events and symptoms she experienced the day before, on December 16, 2021, the date of her arrest.[1] Dkt. No. 38 at 2, 3. Defendants ask the Court to order this page from the medical records de-designated. Ms. Villareal opposes this request.

Rule 26(c) of the Federal Rules of Civil Procedure governs protection of discovery materials. That rule permits a court to issue an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" upon a showing a good cause for such protection by the party producing discovery. Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). If such a showing is made, the court must balance the interests of the public or other entities against the interests of the private litigants to decide whether a protective order is warranted. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

As the party seeking protection from disclosure, Ms. Villareal bears the burden of establishing good cause. This is true even where, as here, the parties have stipulated to a protective order. *Id.* ("When the protective order was a stipulated order and no party ha[s] made a good cause showing, then the burden of proof . . . remain[s] with the party seeking protection.") (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002) (internal quotes omitted)).

The Ninth Circuit's decision in *In re Roman Catholic Archbishop* provides the framework for decision here. That case requires the Court first to consider whether "particularized harm" will result if the designated materials are disclosed to the public or to another party. *In re Roman Catholic Archbishop*, 661 F.3d at 424. If the Court concludes that disclosure will result in specific harm, the Court must then consider and balance other public and private interests in order to

---

[1] At the Court's direction, defendant Dominguez filed the page in question under seal. *See* Dkt. Nos. 39, 40.

decide whether Ms. Villareal's interest in protecting the material outweighs the public's or defendant Dominguez's interest in disclosure. *Id.* The relevant factors include: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the disclosure of the information will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the disclosure is for purposes of a matter involving issues important to the public. *See id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

The parties' discovery dispute letter does not sufficiently address these factors. Ms. Villareal opposes de-designation, relying solely on the parties' stipulated protective order for support that her medical records are and should remain protected from disclosure. Dkt. No. 38 at 3. She does not explain whether or how her interests might be harmed if the single page in question is disclosed or used as defendants request. Instead, her arguments are principally directed to whether the single page from her medical records contains exculpatory information for purposes of defendant Dominguez's criminal defense and how best to make that determination. *See id.* Defendants appear not to dispute that Ms. Villareal's medical records contain confidential health and healthcare-related information that should not be publicly disclosed. But they nevertheless seek an order de-designating a single page of the medical records so that the page is no longer subject to the protective order and may then be freely shared with defendant Dominguez's criminal defense attorney for possible use in his defense in a separate criminal action where he is charged with having committed sexual battery against Ms. Villareal. *Id.* at 2-3 (citing Santa Clara County Superior Court Case No. C2205491). Defendants argue that the single page contains exculpatory evidence, and they ask the Court to weigh defendant Dominguez's constitutional rights as a criminal defendant against Ms. Villareal's interest in protecting the confidentiality of her medical records. *Id.* The parties do not indicate whether defendant Dominguez has made any effort to obtain this single page of Ms. Villareal's medical records through the separate procedures

3

available for obtaining evidence for use in a state court criminal case. *See, e.g.,* Cal. Penal Code § 1054, *et seq.*; *id.* § 1326, *et seq.*

While the Court could simply conclude that Ms. Villareal has failed to make a showing of particularized harm and order that the single page from her medical records must be disclosed to defendant Dominguez's criminal defense attorney on that basis, the Court would prefer to make the findings required by the Ninth Circuit on a more complete record. As the parties have not addressed the relevant factors in the pending discovery dispute submission, the Court denies defendants' request without prejudice at this time, and directs the parties to re-submit their dispute in a manner that allows the Court to make a better-informed decision.

Accordingly, the parties may re-submit this dispute in a letter that addresses the relevant factors no later than **January 5, 2024**, unless they stipulate to a different date or otherwise resolve the matter without the Court's intervention.

**IT IS SO ORDERED.**

Dated: December 21, 2023

Virginia K. DeMarchi
United States Magistrate Judge

4