UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANUARY NICOLE VILLAREAL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 22-cv-09152-VKD<br><br>**ORDER RE DISCOVERY DISPUTE RE ACCESS TO PLAINTIFF'S CONFIDENTIAL MEDICAL RECORDS**<br><br>Re: Dkt. Nos. 38, 45 |

The Court has considered the parties' further submission regarding their dispute concerning whether a single page from plaintiffs' confidential medical records may be disclosed to defendant Dominguez's criminal defense attorney for possible use in a separate criminal case against him. Dkt. No. 45. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

As explained in the Court's prior order, plaintiff January Villareal alleges that defendant Dominguez physically and sexually assaulted her following her arrest on December 16, 2021 on suspicion of driving under the influence of alcohol. *See* Dkt. No. 38 at 1. Ms. Villareal produced her medical records to defendants on the condition that the records "shall only be used for purposes of this action, and shall only be viewable by counsel of record in this [a]ction and any experts retained by any party to this action." Dkt. No. 33 at 2; *see also* Dkt. No. 38 at 1. The parties' dispute concerns one page (labeled CSJ1848) that describes a phone call Ms. Villareal placed to an advice nurse at Kaiser Permanente on December 17, 2021, and which refers to events and symptoms she experienced the day before, on December 16, 2021, the date of her arrest. Dkt. No. 45 at 2, 3. Defendants ask the Court to de-designate this page of the medical records so that

1  the page is no longer subject to the protective order and may be freely shared with defendant
2  Dominguez's criminal defense attorney for possible use in his defense in a separate criminal action
3  where he is charged with having committed sexual battery against Ms. Villareal. *Id.* at 4.
4  Alternatively, defendants request permission to disclose this page to defendant Dominguez's
5  criminal defense attorney, in confidence, so that defense counsel can determine whether the page
6  contains exculpatory evidence and, if appropriate, assist defendants in presenting further argument
7  regarding the need for its use and disclosure in Mr. Dominguez's criminal case. *Id.* Ms. Villareal
8  opposes both of these requests. *Id.* at 2.

9  Rule 26(c) of the Federal Rules of Civil Procedure governs protection of discovery
10 materials. That rule permits a court to issue an order protecting a party or person from
11 "annoyance, embarrassment, oppression, or undue burden or expense" upon a showing a good
12 cause for such protection by the party producing discovery. Fed. R. Civ. P. 26(c). "A party
13 asserting good cause bears the burden, for each particular document it seeks to protect, of showing
14 that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*
15 *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). If such a showing is made, the court
16 must balance the interests of the public or other entities against the interests of the private litigants
17 to decide whether a protective order is warranted. *In re Roman Catholic Archbishop of Portland*
18 *in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). As the party seeking protection from disclosure,
19 Ms. Villareal bears the burden of establishing good cause. This is true even where, as here, the
20 parties have stipulated to a protective order. *Id.* ("When the protective order was a stipulated order
21 and no party ha[s] made a good cause showing, then the burden of proof . . . remain[s] with the
22 party seeking protection.") (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307
23 F.3d 1206, 1211 n.1 (9th Cir. 2002) (internal quotes omitted)).

24 Ms. Villareal has shown that she is likely to suffer particularized harm if page CSJ1848 of
25 her medical records is publicly disclosed. *See* Dkt. No. 45 at 2. However, she has not shown that
26 she is likely to suffer particularized harm if the page is disclosed in confidence to defendant
27 Dominguez's criminal defense counsel for the limited purpose of assessing whether the page
28 contains exculpatory evidence for purposes of Mr. Dominguez's criminal defense, and, if

United States District Court
Northern District of California

appropriate, assisting defendants in presenting further argument to this Court regarding the need for its use or disclosure in Mr. Dominguez's criminal case. Mr. Dominguez clearly has an interest in identifying potentially exculpatory evidence, and the criminal action against Mr. Dominguez certainly involves issues important to the public. *See In re Roman Catholic Archbishop*, 661 F.3d at 424; *see also O'Neil v. City & Cnty. of San Francisco,* No. 17-CV-07190-JCS, 2021 WL 1736809, at *4 (N.D. Cal. May 3, 2021) (considering impact of disclosure of confidential documents produced in civil action on interests of parties in criminal case).

Accordingly, the Court orders as follows:

Defendants may disclose page CSJ1848 of Ms. Villareal's medical records to defendant Dominguez's criminal defense attorney once that attorney signs an agreement to be bound the protective order in this action, and further agrees to comply with the requirement that he maintain the page in confidence and not use or disclose it for any purpose other than to (1) assess whether the page contains exculpatory evidence for purposes of Mr. Dominguez's criminal defense, and (2) if appropriate, assist defendants in presenting further argument to this Court regarding the need for use or disclosure of the page in Mr. Dominguez's criminal case.

**IT IS SO ORDERED.**

Dated: January 22, 2024

Virginia K. DeMarchi
United States Magistrate Judge