UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANUARY NICOLE VILLAREAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-09152-VKD<br><br>**ORDER RE COMPETENCY DETERMINATION; ORDER SETTING FURTHER CASE MANAGEMENT CONFERENCE** |

　　　　In May 2024, with the parties' agreement, this action was stayed for several months, pending the completion of state court competency proceedings regarding defendant Matthew Dominguez. *See* Dkt. Nos. 60, 70. During the stay, the parties filed several periodic status reports. Dkt. Nos. 61, 67, 69, 71. In September 2024, they advised that the Santa Clara County Superior Court found Mr. Dominguez competent to proceed in criminal matters pending against him. Dkt. No. 67.

　　　　In the present action, the Court found at least a substantial question regarding Mr. Dominguez's competency (*see* Dkt. No. 58), which triggered the Court's duty of inquiry under Rule 17(c). *See generally Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). After further briefing and input from the parties, on February 24, 2025, the Court appointed John R. Chamberlain, M.D. "to serve as an independent expert for the purpose of assisting the Court in determining [Mr.] Dominguez's competency under California law." Dkt. No. 83 at 1. Pursuant to that order, on August 7, 2025, Dr. Chamberlain provided the Court with a written report of his investigation. The Court filed the report under seal and also provided copies of it to each of the parties. *See* Dkt. Nos. 94-95; *see*

1   *also* Dkt. No. 83 at 3.  As provided in the February 24, 2025 order:

2
3
4
5
> Before acting on any report of the Independent Expert, the Court shall afford each party an opportunity to be heard and, at its discretion, may receive evidence and may adopt, in whole or in part, or may reject, in whole or in part, or resubmit to the Independent Expert with instructions, the conclusions and findings of the Independent Expert, or make any further orders it deems appropriate.

6   Dkt. No. 83 at 3.

7          On August 20, 2025, the parties filed a joint statement advising that no one "challenge[s]
8   or object[s] to [Dr. Chamberlain's report] for the purpose of deciding the pending competency
9   question[.]" Dkt. No. 96.  Additionally, the parties confirm that they do not "intend to present
10  anything further for the Court's consideration regarding that [competency] question" and that they
11  submit the matter for the Court's consideration.  *Id*.  While the preferred procedure "is for the
12  district court to conduct a hearing to determine whether or not the party is competent, so that a
13  representative may be appointed if needed," *Krain*, 880 F.2d at 1121; *see also Allen*, 408 F.3d at
14  1153 (9th Cir. 2005), on this record, the Court finds the matter suitable for determination on the
15  record submitted, without further briefing or hearing.

16         Rule 17 provides that an individual's capacity to sue or be sued is determined by the law of
17  the state of the individual's domicile—in this case, California.  *See* Fed. R. Civ. P. 17(b).  "In
18  California, a party is incompetent if he or she lacks the capacity to understand the nature or
19  consequences of the proceeding, or is unable to assist counsel in the preparation of the case."
20  *Golden Gate Way, LLC v. Stewart*, No. 09-cv-04458-DMR, 2012 WL 4482053, at *2 (N.D. Cal.
21  Sept. 28, 2012).  The consideration of a party's competence, and the need to appoint a guardian ad
22  litem or enter other orders to protect an incompetent litigant's interests, are matters within the
23  district court's discretion.  *See Allen*, 408 F.3d at 1153-54; *United States v. 30.64 Acres of Land*,
24  795 F.2d 796, 804 (9th Cir. 1986).

25         On the record before the Court, including Dr. Chamberlain's August 7, 2025 report (Dkt.
26  No. 95) and the parties' August 20, 2025 statement regarding his report (Dkt. No. 96), the Court
27  finds no basis to conclude that Mr. Dominguez lacks the capacity to understand the nature or
28  consequences of this litigation, or is unable to assist counsel in the preparation of the case.  The

Court concludes that Mr. Dominguez is competent and that no further orders under Rule 17(c), including for the appointment of a guardian ad litem, are necessary.

As discussed above, no party has objected to Dr. Chamberlain's report regarding the Court's competency determination. Nor has any party requested further briefing or a hearing on that issue. Accordingly, absent objection from any party by **August 29, 2025**, the Court will deem Dr. Chamberlain's duties as independent expert complete; and, pursuant to the February 24, 2025 order, the Court will direct Dr. Chamberlain to prepare an invoice for his services, which the Court will provide to the parties' counsel, with the City of San Jose bearing responsibility for the payment of Dr. Chamberlain's invoice. *See* Dkt. No. 83 at 4.

A further case management conference is set for **September 16, 2025, 1:30 p.m.** (via Zoom). The Court understands that the parties have completed all fact discovery, except for Mr. Dominguez's deposition, and that the parties have not yet begun expert discovery. *See* Dkt. Nos. 60, 64. By **September 9, 2025**, the parties shall file a joint case management statement regarding further proceedings and a proposed schedule, including for Mr. Dominguez's deposition, any remaining expert-related deadlines, the final pretrial conference, and trial.

**IT IS SO ORDERED.**

Dated: August 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3