United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANUARY NICOLE VILLAREAL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No.  22-cv-09152-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF DR. MARC A. COHEN**<br><br>Re: Dkt. No. 113 |

## I.    BACKGROUND

Plaintiff January Villareal filed this civil rights action pursuant to 42 U.S.C. § 1983 against the City of San Jose ("City") and former San Jose Police Officer Matthew Dominguez, alleging the violation of her rights under the Fourth Amendment of the U.S. Constitution, as well as several state law claims for relief.  Dkt. No. 1.  Specifically, Ms. Villareal claims that during her December 16, 2021 arrest on suspicion of driving under the influence, Mr. Dominguez inappropriately touched her as she sat handcuffed in the back of his patrol vehicle.  Ms. Villareal asserts a claim against Mr. Dominguez for violation of her Fourth Amendment rights, as well as claims against the City and Mr. Dominguez for sexual battery, battery, negligence, and intentional infliction of emotional distress.[1]  *See* Dkt. No. 1.  Ms. Villareal seeks non-economic damages for

---

[1] The Court granted the City's unopposed motion to dismiss Ms. Villareal's claim under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), asserted against the City and "Supervisory Does."  *See* Dkt. No. 29.  Additionally, Ms. Villareal voluntarily dropped her seventh claim for relief for "[v]iolation of Cal[ifornia] Civ[il] Code § 52.1 and California [c]ommon [l]aw."  *See* Dkt. No. 1 ¶¶67-72; Dkt. No. 147.

pain and suffering, as well as punitive damages. *See id.*; *see also* Dkt. No. 144 at 2.[2]

Ms. Villareal moves for an order precluding all testimony and opinions of defendants' retained expert and forensic psychiatrist, Dr. Marc A. Cohen. Defendants oppose Ms. Villareal's motion. Dkt. No. 119. Following the hearing, and at the Court's direction, the parties filed supplemental submissions.[3] Dkt. Nos. 149, 150. Upon consideration of the moving and responding papers, the parties' supplemental submissions, and the oral arguments presented, the Court grants in part and denies in part Ms. Villareal's motion to exclude Dr. Cohen's testimony.

## II.   LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides that a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," if the proponent of the testimony "demonstrates that it is more likely than not" that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Rule 702 was amended, effective December 1, 2023, "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

Rule 703 further identifies the permissible bases of an expert's opinion testimony,

---

[2] All pin cites to the parties' respective briefs refer to the page number appearing in the ECF header on court filings.

[3] Defendants' supplemental submission goes far beyond merely *identifying* portions of Dr. Cohen's report, and includes approximately 3,000 words of additional argument purporting to characterize, summarize, or otherwise explain Dr. Cohen's report. As Ms. Villareal has not objected to defendants' supplemental submission or requested leave to exceed the 1,000-word limit for additional briefing, the Court has considered defendants' supplemental submission in its entirety.

United States District Court
Northern District of California

including "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Additionally, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, [the facts or data] need not be admissible for the opinion to be admitted." *Id*. "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id*.

Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The determination of whether expert testimony is admissible is a matter within the Court's discretion, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999); *Gen'l Elec. Co. v. Joiner*, 522 U.S. 136, 141-43 (1997), and "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue," *Daubert*, 509 U.S. at 592-93. This "basic gatekeeping obligation" applies to all expert testimony, not just scientific testimony. *Kumho*, 526 U.S. at 147. The Court's inquiry is a flexible one, and "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id*. at 153. The proponent of expert testimony has the burden of proving admissibility. *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also* Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

## III.   DISCUSSION

Defendants retained Dr. Cohen to testify regarding Ms. Villareal's claim that she suffered emotional distress and post-traumatic stress disorder ("PTSD") as a result of the incident with Mr. Dominguez. Ms. Villareal does not challenge Dr. Cohen's qualifications. However, she argues that Dr. Cohen's proposed testimony is unreliable because he did not personally examine her or conduct any formal testing. Additionally, Ms. Villareal argues that Dr. Cohen's proposed testimony is unhelpful and improperly invades the fact-finding province of the jury.

Defendants respond that Dr. Cohen's opinions need not be based on personal examination or formal testing, but are properly supported by a review of the facts developed in the case and

3

Ms. Villareal's personal and medical history.  At the motion hearing, defendants argued that, at a minimum, they should be permitted to present Dr. Cohen's opinion that it is medically or psychiatrically impossible for anyone to suffer PTSD as a result of the conduct at issue as alleged by Ms. Villareal.  *See* Dkt. Nos. 145, 146.

### A.    Admissible Testimony

The Court finds that Dr. Cohen is qualified to offer opinions and testimony, based on the DSM-5, scientific literature, as well as his training and experience, regarding the criteria for a diagnosis of PTSD and the types of traumatic stressors that can cause PTSD.  Dr. Cohen's report discloses and discusses these matters.  *See* Dkt. No. 113-2 at 28-29.  Additionally, the transcript of Dr. Cohen's deposition makes clear that Ms. Villareal was aware that Dr. Cohen intended to offer opinions about "what type of exposures lead to outcomes."  *See* Dkt. No. 149-1 (Cohen Dep. at 36:22-23).  She had the opportunity to, and did, examine Dr. Cohen in deposition about his opinions regarding "the causes of someone to experience or to suffer from PTSD."  *See id*. (Cohen Dep. at 35:1-38:2).  Such opinions and testimony regarding the diagnostic criteria for PTSD and what stressors can or cannot cause PTSD do not usurp the role of the jury; testimony regarding those matters has a scientific basis and will help the jury understand and evaluate the evidence presented.  *See* Fed. R. Evid. 702.  Accordingly, Dr. Cohen is permitted to testify and offer his opinions based on the DSM-5, scientific literature, as well as his training and experience, regarding the criteria for a PTSD diagnosis; the types of events that could or could not cause PTSD; whether a person's perception of an event factors into whether that event could result in PTSD; whether facts and events as alleged by Ms. Villareal, if true, could cause someone to experience or suffer from PTSD; what constitutes "actual or threatened . . .  sexual violence" meeting the DSM-5 criteria for PTSD; and his opinion that "unwanted touching of seconds is not the kind of exposure" that can cause PTSD.  *See* Dkt. No. 113-2 at 28; Dkt. No. 149-1 (Cohen Dep. at 35:1-38:2).

### B.    Inadmissible Testimony

The Court agrees with Ms. Villareal that Dr. Cohen's other proposed testimony is problematic.  No one, including Ms. Villareal, contends that a personal, face-to-face examination

United States District Court
Northern District of California

is an absolute requirement, in all circumstances, for the admission of forensic psychiatric testimony. *See* Dkt. No. 123 at 2. Nor does the Court find it necessary to address whether the fact that Dr. Cohen requested the opportunity conduct an examination of Ms. Villareal, but was told he could not do so, did or did not satisfy professional standards in his field.[4] However, under the circumstances presented, the lack of a psychiatric examination of Ms. Villareal diminishes the utility of Dr. Cohen's opinions and testimony in helping the trier of fact to understand the evidence or to determine a fact in issue regarding, for example, the existence, causes, or sources of Ms. Villareal's claimed emotional distress; the more "plausible" bases for Ms. Villareal's PTSD diagnosis; the validity of her attribution of her symptoms to Mr. Dominguez's alleged conduct; and the reliability of her memories of the events in question. *See United States v. Hoac*, 990 F.2d 1099, 1103 (9th Cir. 1993) (no abuse of discretion in excluding testimony of expert who spoke with individual on only two occasions and did not perform any formal testing, as expert's knowledge about the individual was limited and it was "unlikely that his testimony would have helped the jury."); *United States v. Rohrer*, 708 F.2d 429, 434 (9th Cir. 1983) (no abuse of discretion in court's determination that prejudicial effect of experts' testimony outweighed probative value where two psychiatrists never met the individual, and a third psychiatrist only met the individual once in a social setting).

The additional difficulty with these other portions of Dr. Cohen's proposed testimony is that Dr. Cohen offers opinions and conclusions regarding evidence that jurors are capable of reviewing for themselves based on their own experience, without the aid of scientific, technical, or other specialized knowledge. For example, Dr. Cohen's report includes commentary, opinions, and conclusions purporting to tell the jury the import and interpretation of, as well as inferences and conclusions to be drawn from, a timeline of events, Ms. Villareal's medical records, other events or issues in Ms. Villareal's life, Ms. Villareal's statements and conduct, and other evidence of events as they unfolded. Such opinions intrude on the jury's role in making credibility and

---

[4] Dr. Cohen states, and defendants do not deny, that he asked defendants for an opportunity to conduct a face-to-face psychiatric examination of Ms. Villareal, but was told that an examination was not possible, given case deadlines. *See* Dkt. No. 149-1 (Cohen Dep. at 27:10-28:6).

United States District Court
Northern District of California

United States District Court
Northern District of California

other determinations of facts at issue. *See United States v. Marsh*, 26 F.3d 1496, 1503 (9th Cir. 1994) (no abuse of discretion in determination that expert testimony would not have aided jury in evaluating evidence that was fully set out for the jury and was not beyond the understanding of the average juror). *Cf. United States v. Rahm*, 993 F.2d 1405, 1414 (9th Cir. 1993) (expert testimony admissible to aid jury where testimony related to defendant's "specific perceptual difficulties" based on interpretation of results of psychological tests and "not to general human deficiencies that the jury could understand from their own experiences."). Accordingly, while Dr. Cohen is permitted to opine that the events as alleged by Ms. Villareal, if true, could not result in PTSD (as discussed above), Dr. Cohen will not be permitted to testify or offer opinions regarding the existence, causes, or sources of Ms. Villareal's claimed emotional distress; the events Dr. Cohen believes had the "greatest impact" on Ms. Villareal; whether "the myriad of symptoms [Ms. Villareal] is attributing to the encounter [with Mr. Dominguez] over the past [several] years" are properly attributed to other sources or issues, including obstructive sleep apnea; Dr. Cohen's conclusion that Ms. Villareal and/or her providers are misattributing any genuine symptoms that he concludes stem from other events and issues; the reliability of Ms. Villareal's memory of the events in question; and any testimony or opinions as to the plausibility, validity, or factual accuracy of Ms. Villareal's theory that her claimed emotional harm is attributable to the encounter with Mr. Dominguez. Additionally, while Dr. Cohen is permitted to testify and offer his opinions regarding what constitutes "actual or threatened . . . sexual violence" that meets the DSM-5 criteria for PTSD and whether "unwanted touching of seconds" is the type of event that can cause PTSD (as discussed above), Dr. Cohen will not be permitted to comment on whether he believes the evidence shows Ms. Villareal did or did not experience actual or threatened sexual violence, or opine that her life was not in jeopardy during the encounter with Mr. Dominguez.

## IV.  CONCLUSION

Based on the foregoing, Ms. Villareal's motion to exclude the testimony and opinions of Dr. Cohen is granted in part and denied in part. While the Court will not preclude Dr. Cohen from testifying or offering any opinions at all, his permitted testimony and opinions at trial will be limited, consistent with the rulings in this order. Defense counsel must ensure that Dr. Cohen is

apprised of the Court's ruling on this motion so that he does not inadvertently testify to matters that Court has excluded.

**IT IS SO ORDERED.**

Dated: April 10, 2026

Virginia K. DeMarchi
United States Magistrate Judge