United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANUARY NICOLE VILLAREAL,

        Plaintiff,

        v.

CITY OF SAN JOSE, et al.,

        Defendants.

Case No.  22-cv-09152-VKD

**ORDER RE PARTIES' MOTIONS IN LIMINE**

Re: Dkt. Nos. 126-128, 130-133

The Court held a pretrial conference in this matter on April 1, 2026.  Dkt. No. 148.  This order addresses the parties' respective motions in limine.  *See* Dkt. Nos. 126-128, 130-131.  The Court will issue separate orders regarding the parties' respective *Daubert* motions, proposed jury instructions, and other matters discussed during the pretrial conference.

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  A ruling on such a motion "is essentially a preliminary opinion that falls entirely within the discretion of the district court."  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (in limine rulings are based on "the district court's inherent authority to manage the course of trials.").  A ruling on a motion in limine may be revised at trial.  *See City of Pomona*, 866 F.3d at 1070.

To avoid the inadvertent disclosure of evidence that has been excluded, the parties and their counsel must familiarize themselves with the rulings in this order, and must also ensure that all witnesses are aware of the same.  To the extent a party(ies) believes that a matter to be presented at trial goes beyond the scope of, or otherwise implicates, the rulings in this order, and

wishes to present argument or otherwise seek the Court's guidance, the party must affirmatively raise the matter with the Court in advance of the presentation of the evidence in question.

### A.    Ms. Villareal's Motions in Limine

#### 1.    Motion in Limine re DUI Investigation and Arrest (Dkt. No. 132)

Ms. Villareal moves to exclude all evidence, testimony, argument, or reference at trial to her single-vehicle accident, the investigation for driving under the influence ("DUI") that occurred prior to her transport to the Alcohol Investigation Bureau ("AIB"), as well as any evidence of the body-worn camera videos at the hospital and transport from the hospital to AIB. She argues that such evidence is irrelevant to the events in this lawsuit, unduly prejudicial, inflammatory, and constitutes inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404. Ms. Villareal further argues that permitting such evidence would require "a mini[-]trial on collateral issues that have nothing to do with the central fact dispute" regarding whether Mr. Dominguez inappropriately touched her while she was in the back of his patrol vehicle. *See* Dkt. No. 132 at 6. Alternatively, if the Court permits such evidence, Ms. Villareal requests that the jury be informed that the DUI charge was reduced to a "wet reckless" charge to which she pled no contest.[1] Dkt. No. 132.

Mr. Dominguez opposes Ms. Villareal's motion. Dkt. No. 142. The City of San Jose ("City") joins in his opposition, and has no objection to Ms. Villareal's request regarding the "wet reckless" charge. Dkt. No. 140. Defendants contend that evidence regarding Ms. Villareal's accident and the ensuing DUI investigation, including all body-worn camera videos, are relevant to her state of mind and her ability to accurately perceive, interpret, remember, and recount the events in question.

Both sides have designated toxicology experts to testify about the effects of alcohol on Ms. Villareal. *See* Dkt. No. 144-1. At the final pretrial conference, Ms. Villareal stated that defendants' expert is expected to opine regarding the alcohol in her system at the time of the accident (which Ms. Villareal contends is irrelevant), whereas Ms. Villareal's expert is expected to

---

[1] Although the parties have not expressly said so, they may be referring here to California Vehicle Code § 23103.5.

testify about the effects of alcohol in her system hours later and closer in time to the alleged incident with Mr. Dominguez.

As discussed at the pretrial conference, the Court defers a final ruling on Ms. Villareal's motion in limine, pending the parties' discussions regarding the particular portions or clips of the body-worn camera videos that defendants intend to use at trial. However, on the record presented, the Court denies Ms. Villareal's motion to the extent she seeks to exclude all evidence regarding her accident and the DUI arrest and investigation. Defendants are entitled to test Ms. Villareal's contention that at the time of the alleged incident with Mr. Dominguez, she was not impaired and that her memory of the events in question are reliable, and it appears that evidence of her intoxication or lack thereof may be relevant to this issue. In addition, the Court does not see how the parties could present their respective cases to the jury without referring *at all* to the circumstances surrounding Ms. Villareal's arrest and her transportation to the AIB in Mr. Dominguez's vehicle. In any event, if evidence of Ms. Villareal's DUI arrest and investigation are admitted, the parties are permitted to inform the jury about the resolution of the DUI charge, provided that they do so truthfully and in a way that does not mislead or confuse the jury.

### 2.    Motion in Limine re Zohreh Gharaati (Dkt. No. 133)

Ms. Villareal moves to exclude all evidence, testimony, argument, or reference at trial to her meetings with Zohreh Gharaati, MFT, arguing that such evidence is irrelevant, unduly prejudicial, and confusing. Fed. R. Evid. 401, 402, 403. At the final pretrial conference, Ms. Villareal clarified that her motion is directed solely to Ms. Gharaati's testimony, and not to medical records documenting her meetings with Ms. Gharaati. The City opposes Ms. Villareal's motion. Dkt. No. 141. Mr. Dominguez joins in the City's opposition. Dkt. No. 143.

The record presented indicates that Ms. Villareal had three meetings with Ms. Gharaati between January 2022 and June 2022. *See* Dkt. No. 133-1, Ex. 1 (Dkt. No. 133-2) & Ex. 2 (Dkt. No. 133-3). Ms. Villareal says that she met with Ms. Gharaati concerning relationship issues, following the end of a relationship with a boyfriend. Ms. Villareal maintains that she did not seek therapy from Ms. Gharaati for the incident involving Mr. Dominguez, and that her meetings with Ms. Gharaati have nothing to do with the issues in this case. It appears to be undisputed that Ms.

3

Villareal did not disclose to Ms. Gharaati that she had been inappropriately touched by Mr. Dominguez.  Defendants argue that Ms. Villareal's meetings with Ms. Gharaati are relevant precisely for that reason, as well as to counter Ms. Villareal's claims that the alleged incident with Mr. Dominguez caused long-term emotional distress and post-traumatic stress disorder.  *See* Dkt. No. 141.

Defendants are entitled to test the claimed severity of the emotional distress Ms. Villareal says she suffered as a result of the alleged incident at issue.  Evidence that Ms. Villareal did not disclose to Ms. Gharaati Mr. Dominguez's alleged conduct is relevant to that purpose.  The probative value of that evidence is not substantially outweighed by any prejudicial effect, as Ms. Villareal may present evidence regarding the reasons why she made no such disclosure to Ms. Gharaati.  As discussed at the final pretrial conference, there may be sources (other than Ms. Gharaati's live testimony at trial) from which to elicit such evidence.  In any event, to the extent Ms. Villareal seeks to preclude all evidence from Ms. Gharaati, her motion is denied.

### B.    Mr. Dominguez's Motions in Limine

#### 1.    Motion in Limine re Other Alleged Misconduct (Dkt. No. 126)

Mr. Dominguez moves to exclude all evidence, testimony, argument, or reference at trial to (1) allegations or accusations of improper sexual conduct made by other individuals against him, (2) any complaints, lawsuits, or investigations involving him and third parties, and (3) any other prior alleged misconduct by Mr. Dominguez, unless Ms. Villareal first makes an offer of proof that would enable the Court to evaluate the admissibility of such evidence.  Ms. Villareal opposes Mr. Dominguez's motion. Dkt. No. 135.  At the final pretrial conference, Ms. Villareal stated that the only such evidence she may seek to introduce at trial concerns a separate incident involving an allegation of indecent exposure by Mr. Dominguez.  Ms. Villareal argues that evidence concerning the indecent exposure incident is relevant and admissible to (1) explain why she did not file a formal complaint that Mr. Dominguez touched her inappropriately until several months after the December 16, 2021 incident in question and (2) demonstrate that that alleged incident of inappropriate touching at issue in this case was not an accident or mistake.

The relevant framework for analysis is Federal Rule of Evidence 404(b), which provides

United States District Court
Northern District of California

that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. Evidence of "other acts" is admissible under Rule 404(b) where four factors are satisfied: "(1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000). "Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Id*. at 1133.

As discussed at the final pretrial conference, the Court defers ruling on this motion in limine, depending on the evidence that is presented at trial. At this time, the Court is not persuaded that evidence regarding the indecent exposure incident is admissible to prove that the alleged inappropriate touching incident at issue in the present action was not an accident or mistake. Ms. Villareal stated at the pretrial conference that she does not intend to present evidence regarding Mr. Dominguez's nolo contendere plea regarding the indecent exposure incident. Even so, she has not stated what evidence she intends to present regarding that incident or how far she intends to go in the presentation of any such evidence. The Court is concerned that admitting evidence of the indecent exposure incident would require a trial within a trial, causing delay and potential jury confusion. Additionally, while the indecent exposure incident reportedly occurred a few months after Ms. Villareal's encounter with Mr. Dominguez, that incident apparently did not involve the unwanted touching of another person. The Court is not persuaded that the two incidents are sufficiently similar so as to make the indecent exposure incident admissible to prove the "absence of mistake" or "lack of accident" with respect to the incident at issue in the present action. Even assuming all Rule 404(b) factors were met, the probative value of the evidence is likely to be substantially outweighed by the danger of confusion of the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403.

To the extent Ms. Villareal seeks to use evidence regarding the indecent exposure incident to counter attacks on her credibility, defendants stated at the pretrial conference that they do not intend to attack Ms. Villareal's credibility based on the passage of time between the incident with Mr. Dominguez and her report of his alleged conduct to the police. However, it seems that defendants do intend to cast doubt on Ms. Villareal's credibility based on her alleged delay in seeking treatment for conditions she attributes to Mr. Dominguez's alleged conduct. The Court questions whether defendants can meaningfully segregate an alleged delay in reporting Mr. Dominguez's conduct to the police and an alleged delay in seeking treatment. As discussed above, however, the Court defers its ruling, pending presentation of evidence at trial. For the avoidance of doubt, Ms. Villareal must not refer to or offer evidence of the indecent exposure incident unless she first raises the issue with the Court outside of the presence of the jury and obtains a ruling on the specific evidence she wishes to present.

### 2. Motion in Limine re Separation from Employment (Dkt. No. 127)

Mr. Dominguez moves to exclude all evidence, testimony, argument, or reference at trial to the reasons for his separation of employment with the City and the fact that he is no longer employed by the City. Mr. Dominguez argues that such matters are protected by his privacy interests, and are irrelevant, prejudicial, and would cause jury confusion and delay. *See* Fed. R. Evid. 401, 403, 404, 602. Ms. Villareal does not oppose Mr. Dominguez's motion, unless defendants open the door to such evidence at trial, including if Mr. Dominguez claims or implies that he remains employed as a police officer. Dkt. No. 136.

Mr. Dominguez's motion to exclude all evidence or reference to his separation from employment with the City is granted, subject to the use of such evidence for impeachment or rebuttal if defendants open the door to such evidence at trial. However, it is not entirely clear how the parties will avoid any reference to the fact that Mr. Dominguez is no longer employed as a police officer by the City, nor is the Court persuaded that that circumstance alone is prejudicial to Mr. Dominguez or invades his privacy. The Court defers ruling on this aspect of the motion, pending further clarification regarding the scope of evidence requested to be excluded.

### 3.    Motion in Limine re Competency Evaluation (Dkt. No. 128)

Mr. Dominguez moves to exclude all evidence, testimony, argument, or reference at trial concerning his competency evaluation and/or his mental health.  Mr. Dominguez argues that such matters are protected by his privacy interests, irrelevant, prejudicial, and would cause jury confusion and delay.  *See* Fed. R. Evid. 401, 403, 404, 602.  Ms. Villareal does not oppose Mr. Dominguez's motion, unless defendants open the door to such evidence at trial, including if Mr. Dominguez claims he was suffering from mental health issues at the time of the incident in question.  Dkt. No. 137.

Mr. Dominguez's motion to exclude all evidence or reference to his competency evaluation and/or his mental health is granted, subject to the use of such evidence for impeachment or rebuttal if defendants open the door to such evidence at trial.

### C.    City of San Jose's Motions in Limine

### 1.    Motion in Limine re Nolo Contendere Pleas, Convictions (Dkt. No. 130)

The City moves to exclude all evidence, testimony, argument, or reference at trial regarding Mr. Dominguez's August 19, 2025 nolo contendere pleas, charges, and convictions with respect to six misdemeanor charges in state court proceedings, including a charge related to Ms. Villareal's claims in the present federal action.  Dkt. No. 130.  Mr. Dominguez joins in the City's motion.  Dkt. No. 134.  Ms. Villareal does not oppose this motion in limine, unless defendants open the door to such evidence.  Ms. Villareal states that her non-opposition to the City's motion is also made subject to the Court's ruling on her pending *Daubert* motion to exclude the testimony of defense expert Dr. Marc Cohen.  Dkt. No. 138.  In that *Daubert* motion, Ms. Villareal argues that if Dr. Cohen testifies that Ms. Villareal "misremember[s] [Mr. Dominguez]'s conduct towards her," then she should be permitted to cross-examine Dr. Cohen about the information he reviewed in reaching his conclusions, including "most significantly [Mr.] Dominguez's no contest plea with regards to his conduct toward Ms. Villareal."  *See* Dkt. No. 113 at 12 n.4.

The City's motion to exclude all evidence or reference to Mr. Dominguez's August 19, 2025 nolo contendere pleas, charges, and convictions with respect to six misdemeanor charges in state court proceedings is granted.  Although Federal Rule of Evidence 410 refers only to pleas,

United States District Court
Northern District of California

that rule "prohibits the admission of *nolo contendere* pleas and the convictions resulting from them as proof that the pleader actually committed the underlying crimes charged." *United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006); *see also* Fed. R. Evid. 410(a)(2).  On the record presented Ms. Villareal has not demonstrated that there are circumstances in which Mr. Dominguez's nolo contendere pleas, charges, or convictions would be admissible.  Nevertheless, the Court reserves a final ruling pending the evidence presented at trial.

#### 2.      Motion in Limine re Special Damages (Dkt. No. 131)

The City moves to preclude Ms. Villareal from offering any argument or evidence regarding special damages.  Although the complaint requests such damages (*see* Dkt. No. 1 at 14), the City says that Ms. Villareal has provided no information, calculation, or expert testimony about any special damages, including lost wages, earning capacity, or past or future treatment costs.  Dkt. No. 131.  Mr. Dominguez joins in the City's motion.  Dkt. No. 134.  Ms. Villareal does not oppose the City's motion.  Dkt. No. 139.

Accordingly, the City's motion to exclude any evidence or argument regarding special damages is granted as unopposed.  *See* Fed. R. Civ. P. 37(c)(1); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008) *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

**IT IS SO ORDERED.**

Dated: April 10, 2026

Virginia K. DeMarchi
United States Magistrate Judge